UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BMO HARRIS BANK N.A.,<br><br>            Plaintiff,<br><br>    v.<br><br>NIRMAL SINGH,<br><br>            Defendant. | Case No. 1:21-cv-00124-JLT-EPG<br><br>ORDER RE: NOTICE OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE<br><br>(ECF No. 20) |

On February 16, 2022, Plaintiff filed a notice voluntarily dismissing this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i). (ECF No. 10.) Therefore, this action has been terminated. Fed. R. Civ. P. 41(a)(1)(A)(i); *Wilson v. City of San Jose*, 111 F.3d 688, 692 (9th Cir. 1997). Accordingly, the Clerk of Court is respectfully directed to close the case.[1]

IT IS SO ORDERED.

    Dated: **February 17, 2022**              /s/ Erica P. Grosjean
                                                            UNITED STATES MAGISTRATE JUDGE

---

[1] On August 11, 2021, Defendant Nirmal Singh filed a notice that this case was automatically stayed by the commencement of bankruptcy proceedings. (ECF No. 16.) Although "[t]he general rule is that actions taken in violation of an automatic stay are void," *In re Sambo's Restaurants, Inc.,* 754 F.2d 811, 816 (9th Cir. 1985) (citation omitted), dismissal here does not constitute a "continuation" of a judicial proceeding against the debtor in violation of the automatic stay. *See* 11 U.S.C. § 362(a)(1); *O'Donnell v. Vencor Inc.,* 566 F.3d 1104, 1108-11 (9th Cir. 2006). Specifically, the dismissal does not harm the debtor, and is "consistent with the purpose of [section 362(a)]" because it does not intrude on the debtor's "breathing space" or threaten other creditors by giving preference to Plaintiff. *O'Donnell,* 566 F.3d at 1110 (quoting *Indep. Union of Flight Attendants v. Pan Am. World Airways, Inc.,* 966 F.3d 457, 459 (9th Cir. 1992)).